**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DION THOMAS,

    Defendant.

No. 11-CR-2046-LRR

**SEALED ORDER**

_____

*TABLE OF CONTENTS*

I.    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   *RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . *2*

III.  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    A.   *Defendant's Motion in Limine* . . . . . . . . . . . . . . . . . . . . . . *3*
        1.   *Context of recorded phone calls* . . . . . . . . . . . . . . . . . *3*
        2.   *Written plea agreements* . . . . . . . . . . . . . . . . . . . . . *4*
        3.   *Coconspirator statement* . . . . . . . . . . . . . . . . . . . . . *5*
        4.   *Hearsay testimony regarding Defendant's telephone number* . . *6*
    B.   *Defendant's Supplemental Motion in Limine* . . . . . . . . . . . . . . . *6*
        1.   *Res gestae* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        2.   *Rule 404(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    C.   *Government's Motion in Limine* . . . . . . . . . . . . . . . . . . . . . *10*

IV.  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matters before the court are: (1) Defendant Dion Thomas's "Motion in Limine" ("Defendant's Motion in Limine") (docket no. 146); (2) Defendant's "Supplement to . . . Motion in Limine" ("Defendant's Supplemental Motion in Limine") (docket no. 149); and (3) the government's "Motion[] in Limine" ("government's Motion in Limine") (docket no. 147).

## II. RELEVANT PROCEDURAL HISTORY

On December 8, 2011, a grand jury returned a six-count Indictment (docket no. 7) against Defendant and others. Count 1 of the Indictment charges Defendant with conspiring to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin after having been previously convicted of a drug felony. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 851. Count 3 of the Indictment charges Defendant with knowingly and intentionally distributing .54 grams of a mixture or substance containing a detectable amount of heroin after having been previously convicted of a drug felony. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. The Indictment also contains a forfeiture allegation.

On August 6, 2012, Defendant filed Defendant's Motion in Limine.[1] On the same date, the government filed the government's Motion in Limine. On August 9, 2012, Defendant filed Defendant's Supplemental Motion in Limine.[2] On August 13, 2012, the government filed a Resistance (docket no. 151) to Defendant's Motion in Limine and Supplemental Motion in Limine. Defendant has not filed a resistance to the government's Motion in Limine, and the time for doing so has expired. *See* Criminal Trial Scheduling Order (docket no. 78) at 2; LCrR 47(a). Neither party requests a hearing, and the court finds that a hearing is unnecessary. The matters are fully submitted and ready for decision.

---

[1] The court notes that Defendant failed to submit a separate brief in accordance with Local Rule 7. Nevertheless, the court shall address Defendant's Motion in Limine.

[2] Once again, Defendant failed to submit a separate brief in accordance with Local Rule 7. Nevertheless, the court shall address Defendant's Supplemental Motion in Limine.

## III. ANALYSIS

### A. *Defendant's Motion in Limine*

In Defendant's Motion in Limine, Defendant asks the court to exclude from evidence: (1) the fact that Defendant was in jail at the time he made a recorded phone call to Arthur Scott; (2) the government's cooperating witnesses' written plea agreements; (3) a statement by an alleged coconspirator; and (4) hearsay testimony from law enforcement that a particular telephone number was Defendant's telephone number. The court shall address each category of evidence in turn.

#### 1. *Context of recorded phone calls*

First, Defendant "anticipates that the [government] will present evidence that [Defendant] placed a recorded phone call to Arthur Scott" on January 13, 2011, from the Linn County Jail. Defendant's Motion in Limine at 1. Defendant was in jail on a charge unrelated to the instant case, and, according to Defendant, he made the call in an effort to get money that Scott owed him so that he could bond out of jail. Defendant contends that the fact that he was in jail when he placed the call is not relevant, is "substantially prejudicial" under Federal Rule of Evidence 403 and is inadmissible as a prior bad act under Federal Rule of Evidence 404(b). *Id.* at 1-2.

In the Resistance, the government argues that the fact that Defendant was in jail at the time of the calls is admissible.[3] According to the government, providing the context of the calls is important because, during the calls, Defendant instructs Scott to send money to a third party and instructs Scott on where to locate additional drugs. The government contends that the fact Defendant was in jail explains why he did not send the money and locate the drugs himself. Additionally, the government notes that, during one of the calls,

---

[3] Although Defendant identifies one specific call—the January 13, 2011 call—the government's Resistance and Trial Memorandum discuss multiple calls Defendant made to Scott from jail.

3

Defendant states, "I got something else for ya but I can't really talk on this phone like that." Government's Trial Memorandum (docket no. 148) at 6 (internal quotation marks omitted). The government contends that the fact that Defendant was in jail explains why he was not free to "talk on [the] phone like that." *Id.* (internal quotation mark omitted). The government notes that, although it intends to provide the context of the phone calls, it does not intend to elicit testimony regarding why Defendant was in jail. The government further notes that the calls took place over a relatively short period of time and, thus, the jury would not be left to speculate why Defendant was in jail for an extended period.

For the reasons set forth in the government's Resistance and Trial Memorandum, the court finds that the context of the recorded phone calls—specifically, the fact that Defendant was in jail at the time of the calls—is relevant. Furthermore, because the calls took place over a short period of time and the government does not intend to present evidence explaining why Defendant was in jail, the court finds that the probative value of the calls is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Finally, the mere fact that Defendant was in jail does not constitute a prior bad act under Rule 404(b). Accordingly, the court shall deny Defendant's Motion in Limine to the extent it seeks to exclude evidence that Defendant was in jail at the time he made recorded phone calls to Scott.

### 2. *Written plea agreements*

Next, Defendant requests that the court enter a pretrial ruling excluding the "written plea agreements of government witnesses." Defendant's Motion in Limine at 2. Defendant contends that the plea agreements are hearsay and, furthermore, are inadmissible under Rule 403. In the Resistance, the government states that it does not intend to offer cooperating witnesses' written plea agreements into evidence. Thus, the court shall grant Defendant's Motion in Limine to the extent it seeks to exclude such evidence.

4

### 3. *Coconspirator statement*

Next, Defendant argues that the court should exclude from evidence an alleged coconspirator's statement to another individual that Defendant supplied the coconspirator with heroin. Defendant contends that such statement is not in furtherance of the alleged conspiracy and, therefore, the statement is not admissible under Federal Rule of Evidence 801(d)(2)(E). In the Resistance, the government argues that the statement is in furtherance of the conspiracy because it relates to the coconspirator's supplier.

Under Rule 801(d)(2)(E), a coconspirator's statement made during and in furtherance of the conspiracy is admissible as nonhearsay. For a statement to fall within the scope of Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that a conspiracy existed, that the defendant and the declarant were members of the conspiracy and that the declarant made the statement during the course of and in furtherance of the conspiracy. *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978). The "in furtherance of" requirement is satisfied if the statement "identifies one or more of the following: participants in the conspiracy; their roles in the conspiracy; the method of distribution; or the source for the drugs that are the subject of the conspiracy." *United States v. Cazares*, 521 F.3d 991, 999 (8th Cir. 2008).

In *Bell*, the Eighth Circuit Court of Appeals outlined the appropriate procedure for a district court to follow "when the admissibility of a coconspirator's statement is at issue." *Bell*, 573 F.2d at 1044. If the government "propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement." *Id*. At the conclusion of all the evidence, the court "make[s] an explicit determination for the record regarding the admissibility of the statement." *Id*.; *see also United States v. Spotted Elk*, 548 F.3d 641, 661 (8th Cir. 2008) (discussing the *Bell* procedures).

The court notes that it appears the challenged statement relates to participants in the conspiracy, their roles in the conspiracy, the method of distribution and a particular coconspirator's source for the drugs. *See Cazares*, 521 F.3d at 999. However, the court declines to make a pretrial ruling on the admissibility of the challenged statement. Defendant may object at the appropriate time pursuant to the established procedures. Accordingly, the court shall deny Defendant's Motion in Limine to the extent it seeks to exclude the challenged statement because such request is premature.

### *4. Hearsay testimony regarding Defendant's telephone number*

Finally, Defendant contends that "any statement by a police officer that someone else told him or her that the [phone] number in question was [Defendant's] phone number is inadmissible hearsay." Defendant's Motion in Limine at 5. In the Resistance, the government states that it "intends to use non-hearsay sources to connect the phone number with . . . Defendant, including testimony identifying the voice on the calls as . . . Defendant's and that [the particular number] is the number witnesses used to contact [Defendant]." Resistance to Defendant's Motion in Limine and Supplemental Motion in Limine at 3. Thus, the court shall grant Defendant's Motion in Limine to the extent it seeks to exclude hearsay testimony regarding Defendant's telephone number.

### B. Defendant's Supplemental Motion in Limine

In Defendant's Supplemental Motion in Limine, Defendant asks the court to exclude evidence that Defendant allegedly distributed crack cocaine during the same time period as the alleged heroin conspiracy. Defendant contends that such evidence is inadmissible under Rule 404(b). Defendant claims that any alleged cocaine transactions are not relevant to whether he joined a conspiracy to distribute heroin, and, furthermore, there is insufficient evidence of the alleged cocaine sales.

In the Resistance, the government incorporates its arguments from its Motion in Limine. The government contends that Defendant's distribution of crack cocaine is not a

prior bad act but, rather, is part of the res gestae of the conspiracy. Alternatively, the government argues that such evidence is admissible under Rule 404(b) to show motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or lack of accident.

### 1. *Res gestae*

First, the government contends that Defendant's crack cocaine distribution activities are "part and parcel" of the charged conspiracy. Memorandum in Support of Government's Motion in Limine at 2. Specifically:

> The [government] anticipates that several witnesses will testify that they received both crack cocaine and heroin from . . . [D]efendant, and that . . . [D]efendant brought both crack cocaine and heroin with him to Waterloo from Chicago. The [government] anticipates that an additional witness will testify that he received large quantities of crack cocaine from . . . [D]efendant. These activities occurred during the same time period as the charged conspiracy, involved the same group of people, and trips from Chicago to Waterloo.

*Id.* at 2-3.

"One of the exceptions to the general rule that evidence of other crimes committed by a defendant is inadmissible is when the proof provides the context in which the charged crime occurred—'the res gestae.'" *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)). Res gestae evidence includes evidence that "completes the story or provides a total picture of the charged crime" or evidence that is "so blended or connected" with the charged crime that "proof of one incidentally involves the other." *Id.* (emphasis omitted) (quoting *United States v. Forcelle*, 86 F.3d 838, 841, 842 (8th Cir. 1996)) (internal quotation mark omitted). "Although *res gestae* evidence sometimes implicates the defendant in other acts, we have concluded that where acts are inextricably intertwined with the charged crime, they are not extrinsic, and thus not merely character evidence governed by Federal Rule of Evidence 404(b)." *United States v. LaDue*, 561 F.3d 855, 858 (8th Cir. 2009).

7

For the reasons set forth by the government, the court agrees that Defendant's crack cocaine distribution activities, although uncharged, are "part and parcel," Memorandum in Support of Government's Motion in Limine at 2, of the charged conspiracy. During the relevant period, Defendant transported both crack cocaine and heroin from Chicago to Waterloo and distributed both drugs to the same customers. The court finds that such evidence is "so blended or connected," *Fleck*, 413 F.3d at 890 (quoting *Forcelle*, 86 F.3d at 841), with the charged heroin conspiracy that it is not extrinsic to the charged crime but, rather, is res gestae. Therefore, the court shall deny Defendant's Supplemental Motion in Limine on this ground.

### 2. *Rule 404(b)*

Alternatively, the government argues that evidence of Defendant's crack cocaine distribution is admissible pursuant to Rule 404(b) to show motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or lack of accident. The court agrees.

Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for other purposes, such as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). The Eighth Circuit has adopted a four-factor test to determine the admissibility of Rule 404(b) evidence:

> To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value."

*Id.* (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)).

In this case, Defendant argues that the government has failed to satisfy the first and third factors. Specifically, Defendant contends that evidence that he distributed crack cocaine is not relevant to issues of knowledge or intent because he is not claiming that he joined the heroin conspiracy by mistake or accident—rather, he is asserting a general denial defense. The court finds that Defendant's argument is unavailing. When a defendant pleads not guilty and elects to proceed to trial, the government "shoulder[s] the burden of introducing proof beyond a reasonable doubt of every element of each offense charged." *United States v. Thomas*, 593 F.3d 752, 757-58 (8th Cir. 2010) (discussing the United States Supreme Court's decision in *Old Chief v. United States*, 519 U.S. 172 (1997)). Because intent and knowledge are elements of the charged crimes—which Defendant does not dispute—the court finds that evidence that Defendant distributed crack cocaine is relevant to show Defendant's intent and knowledge in committing the charged crimes. *See United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011) ("[A] prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current [drug-trafficking] charge." (quoting *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002)) (internal quotation mark omitted)); *see also United States v. Marquez-Alvarado*, 501 F.3d 971, 974 (8th Cir. 2007) (finding that, although the defendant was charged with participating in a marijuana conspiracy, evidence that he was involved in cocaine transactions during the same period as the charged conspiracy was relevant to the issues of intent and knowledge).

Defendant also argues that there is insufficient evidence to support a finding that Defendant distributed crack cocaine. Defendant claims that "there is no evidence that [Defendant] actually sold cocaine apart from vague (regarding time and place) claims by a person alleged to be an accomplice to the sales." Defendant's Supplemental Motion in Limine at 2. The government contends, however, that several witnesses will testify that

9

Defendant sold them crack cocaine and one witness will testify that he received a large quantity of crack cocaine. Direct testimony that a defendant participated in a prior act is sufficient to support a jury finding that the prior act occurred. *See Marquez-Alvarado*, 501 F.3d at 975; *see also United States v. Evans*, 697 F.2d 240, 249 (8th Cir. 1983) (holding that the uncorroborated testimony of a government witness is sufficient to satisfy the more demanding clear and convincing test).

The court finds that the other Rule 404(b) factors are satisfied. Thus, even if the court found that the evidence that Defendant distributed crack cocaine was not so intertwined with the heroin conspiracy to be admissible as res gestae, the court would nevertheless find such evidence to be admissible under Rule 404(b). Accordingly, the court shall deny Defendant's Supplemental Motion in Limine.

### C. Government's Motion in Limine

In the government's Motion in Limine, the government asks the court to admit evidence that Defendant distributed crack cocaine during the same time period as the heroin conspiracy. For the reasons set forth above, the court shall grant the government's Motion in Limine to the extent it seeks to admit such evidence.

The government also asks the court to exclude from evidence "a jailhouse letter allegedly written by K.M. to . . . [Defendant]." Memorandum in Support of Government's Motion in Limine at 5 (footnote omitted). The government contends that the letter is irrelevant and hearsay. Because Defendant did not file a resistance, the court shall grant the government's Motion in Limine to the extent it seeks to exclude such evidence.

### IV. CONCLUSION

Thus, for the foregoing reasons, it is **HEREBY ORDERED**:

(1)  Defendant's Motion in Limine (docket no. 146) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Defendant's Supplemental Motion in Limine (docket no. 149) is **DENIED**;

(3) The government's Motion in Limine (docket no. 147) is **GRANTED**; and

(4) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED**.

**DATED** this 23rd day of August, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA